JERRY D. UNDERWOOD, STATE BAR NO. 202874
(*junderwood@jdulaw.com*)
LAW OFFICES OF JERRY D. UNDERWOOD, A.P.C.
8141 E. Kaiser Boulevard, Suite 120
Anaheim Hills, CA 92808
Telephone: (714) 998-9802

Attorneys For Plaintiff
SHONDA SHORES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHONDA SHORES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RECORDATI RARE DISEASES INC., a New Jersey Corporation; ERIC HANCOCK, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | **CASE NO. 8:26-cv-00008-KES**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**1. HARASSMENT BASED ON SEX/GENDER IN VIOLATION OF GOVERNMENT CODE SECTION 12940(J)**<br>**2. DISCRIMINATION BASED ON SEX/GENDER IN VIOLATION OF GOVERNMENT CODE SECTION 12940(A)**<br>**3. FAILURE TO PREVENT DISCRIMINATION**<br>**4. NEGLIGENT SUPERVISION**<br>**5. DEFAMATION OF PROFESSIONAL REPUTATION**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff SHONDA SHORES (hereafter referred to as "Plaintiff"), and alleges against defendant Recordati Rare Diseases Inc., a New Jersey Corporation (hereinafter referred as "RRD" or "the Company"), ERIC HANCOCK, an individual (hereinafter referred as "HANCOCK"), and DOES 1 through 25, inclusive (hereafter referred to as "DOES")(all Defendants collectively

referred to as "Defendants"), as follows:

## JURISDICTION

1. On or about January 2, 2026, pursuant to 28 U.S.C. sections 1441 and 1446, Defendants RRD and HANCOCK removed this action from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California, asserting original federal jurisdiction (i) on the basis of diversity under 28 U.S.C. section 1332(a) because this action involves citizens of different states because Plaintiff is a citizen of California, RRD is a citizen of Delaware and New Jersey, and Hancock is a citizen of the State of Washington, and (ii) and the amount in controversy exceeds $75,000.

## GENERAL ALLEGATIONS

2. At all times mentioned herein, Plaintiff was and is a resident of the County of Orange, State of California.

3. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein defendant RRD was and is a New Jersey corporation business and having a substantial, continuous and systematic commercial activity in the County of Orange and State of California.

4. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein defendant HANCOCK was and is a resident of the State of Washington a managing agent and employee of RRD.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

6. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, each defendant designated, including DOES 1 through 25, was the agent, managing agent, principal, owner, partner, joint venturer, representative, manager, servant, employee, and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

## FACTUAL ALLEGATIONS

7. In June 2023, Plaintiff commenced employment with RRD. Plaintiff was a loyal, hard-working employee who performed her job satisfactorily at all times, was at all times qualified for her position as a Regional Account Manager, and had never received a written warning or was otherwise disciplined.

8. RRD makes pharmaceuticals for the treatment of diseases affecting human beings.

9. Plaintiff has been employed in the pharmaceutical industry for over 27-years, and maintained am impeccable professional reputation.

10. In July 2025, HANCOCK, Plaintiff's direct supervisor, initiated a campaign to slander Plaintiff's professional reputation during a trade conference in San Francisco. Specifically, as it became evident at the conference that HANCOCK had mishandled a responsibility regarding the speaking arrangements for a major client of RRD, HANCOCK attempted to shift the blame onto Plaintiff, disparaging her otherwise unblemished career in the process. Later that evening in the hotel lobby at the Conference, HANCOCK falsely and repeatedly stated to a group of attendees that Plaintiff was "drunk", which was entirely untrue. HANCOCK continued to make the false statements after PLAINTIFF explained that she was not drunk and did not exhibit any signs of being intoxicated.

11. HANCOCK treated Plaintiff in a manner completely differently than

he treated his male subordinates and coworkers during similar events where alcohol was served, with whom HANCOCK would continue to imbibe alcoholic drinks after his male subordinates and coworkers were clearly intoxicated, and did not publicly embarrass and humiliate his male subordinates and coworkers as he did to Plaintiff. HANCOCK's complete disregard of, and offensive conduct towards, female subordinates and coworkers was also routinely displayed when he fondled his genitals in their presence.

12. Plaintiff was humiliated and felt physically ill as a result of the false statements of HANCOCK made in front of many of Plaintiff's colleagues and coworkers. HANCOCK also placed his hand on Plaintiff's lower back in an attempt to push Plaintiff towards the door while telling her to leave because she was drunk. This bizarre and inappropriate conduct was noticed by the entire group, souring the mood and causing widespread discomfort.

13. After the Company conducted an investigation, Plaintiff was ordered to return to work with HANCOCK without any corrective or preventative action taken by the Company. During this time, Plaintiff was diagnosed by her medical providers with significant and adverse conditions related to her mental health, prescribed corresponding medications, and began a regimen of regular and ongoing treatment. To that end, Plaintiff's medical providers advised that she take her vacation that was previously planned and approved by the Company before the events that occurred at the conference in San Franciso, in lieu of a medical leave of absence at that time. Thereafter, Plaintiff's medical providers advised that she take a one week medical leave of absence in October 2025.

14. Plaintiff is informed and believes and based thereon alleges that all times mentioned in this complaint, defendant RRD was subject to the provisions of California Government Code §§ 12900 *et seq*., prohibiting employers or their agents from harassing, discriminating, or retaliating against employees on the basis of their sex. On November 25, 2025, Plaintiff filed a charge of discrimination,

harassment, and retaliation with the California Civil Rights Department (CRD) with respect to defendants RRD and HANCOCK, and received a Notice of Case Closure and Right to Sue from the CRD with respect to each defendant on November 25, 2025.

**FIRST CAUSE OF ACTION**

**(Harassment Based on Sex/Gender in Violation of Government Code Section 12940(j) against RRD, HANCOCK, and DOES 1 through 25)**

15. Plaintiff re-alleges and incorporates by reference the forgoing allegations of this Complaint as if fully set forth herein.

16. At all times herein mentioned, Government Code sections 12940(j) was in full force and effect and was binding on defendants. This section requires Defendants to refrain from harassing any employee on the basis of their gender/sex.

17. Plaintiff is informed and believes and thereupon alleges that during the period of her employment with defendant RRD, Plaintiff was subject to severe and pervasive conduct by HANCOCK which was harassing, offensive, and unwanted, and which included actions and remarks made on the basis of Plaintiff's gender/sex, including treating male subordinates and coworkers more favorably that females subordinates and coworkers, including ridiculing and humiliating defamatory comments Plaintiff in a manner that HANCOCK did not subject male subordinates and coworkers to in similar situations, foundling himself in the presence of female subordinates and coworkers in an offensive manner, touching Plaintiff in a demeaning and offensive manner, and that RRD had knowledge or reasonably should have had knowledge of HANCOCK's illegal conduct.

18. Plaintiff complained to Defendants regarding these illegal acts, but little or no corrective or preventative action was taken, and HANCOCK remained employed in his supervisory position after Plaintiff reported the harassment to the Company's management until HANCOCK transferred to a sale position for

personal reasons.

19. It is alleged based on information and belief that HANCOCK had the power to alter or affect the terms and conditions of the employment of Plaintiff.

20. As a proximate result of defendants' willful, knowing, and intentional harassment against Plaintiff, she has sustained and continues to sustain substantial losses in earnings and other employment benefits.

21. As a proximate result of defendants' conduct, Plaintiff has suffered serious harm, including lost earnings and other employment benefits, humiliation, embarrassment, emotional distress and severe mental and physical injury, including pain and suffering, all to her damage in an amount exceeding the jurisdictional limits of this court and which will be established according to proof at trial.

22. Plaintiff also seeks declaratory and injunctive relief to prevent such harassment in the future.

23. The conduct of defendants, and its agents/employees as described herein was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights against harassment. Consequently, Plaintiff is entitled to punitive and exemplary damages against Defendants.

24. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## SECOND CAUSE OF ACTION

**(Discrimination Based on Sex/Gender in Violation of Government Code Section 12940(a) against RRD and DOES 1 through 25)**

25. Plaintiff re-alleges and incorporates by reference the forgoing allegations of this Complaint as if fully set forth herein.

26. Plaintiff is informed and believes, and thereupon alleges, that



LAW OFFICES OF
JERRY D.
UNDERWOOD
ANAHEIM HILLS

defendant HANCOCK, as agents of RRD, subjected Plaintiff to discriminatory treatment because of her gender/sex, female, which included actions and remarks made on the basis of Plaintiff's gender/sex, including treating male subordinates and coworkers more favorably that females subordinates and coworkers, such as making ridiculing and humiliating defamatory comments about Plaintiff in a manner that HANCOCK did not subject male subordinates and coworkers to in similar situations, foundling himself in the presence of female subordinates and coworkers in an offensive manner, touching Plaintiff in a demeaning and offensive manner. Plaintiff is informed and believes, and thereupon alleges, that RRD had knowledge or reasonably should have had knowledge of HANCOCK's illegal conduct.

27. At all times herein mentioned, Government Code sections 12940(a) was in full force and effect and was binding on defendant RRD. This section prohibits Defendant RRD from discriminating against any employee on the basis of their sex.

28. Plaintiff was a female employee and as such a member of a group protected under Government Code § 12940 from discrimination based on her sex.

29. As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, she has sustained and continues to sustain substantial losses in earnings and other employment benefits.

30. As a proximate result of defendants' conduct, Plaintiff has suffered serious harm, including lost earnings and other employment benefits, humiliation, embarrassment, emotional distress and severe mental and physical injury, including pain and suffering, all to her damage in an amount to be established at trial, but exceeding the jurisdictional limits of this court.

31. Plaintiff also seeks declaratory and injunctive relief to prevent such discrimination in the future.

32. The conduct of Defendants, including defendant RRD and

HANCOCK, and its agents/employees as described herein was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights against discrimination. Consequently, Plaintiff is entitled to punitive and exemplary damages against Defendant RRD.

33. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

**THIRD CAUSE OF ACTION**

**(Failure to Prevent Harassment and Discrimination in Violation of Government Code Section 12940(k) against RRD and DOES 1 through 25)**

34. Plaintiff re-alleges and incorporates by reference the forgoing allegations of this Complaint as if fully set forth herein.

35. At all times mentioned in this complaint, Government Code section 12940(k) was in full force and effect and was binding on defendants. This subsection requires defendant RRD to take all reasonable steps necessary to prevent harassment and discrimination from occurring. As alleged above, defendants violated this subsection by failing to take all reasonable steps necessary to prevent HANCOCK from discriminating and harassing Plaintiff because of her sex.

36. As a proximate result of defendants' willful, knowing, and intentional harassment against Plaintiff, she has sustained and continues to sustain substantial losses in earnings and other employment benefits.

37. As a proximate result of defendants' conduct, Plaintiff has suffered serious harm, including lost earnings and other employment benefits, humiliation, embarrassment, emotional distress and severe mental and physical injury, including pain and suffering, all to her damage in an amount exceeding the jurisdictional limits of this court and which will be established according to proof

at trial.

38. The conduct of defendants, including defendant RRD and defendant HANCOCK, and its agents/employees as described herein was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights. Consequently, Plaintiff is entitled to punitive and exemplary damages against Defendants.

39. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

**FOURTH CAUSE OF ACTION**

**(Negligent Supervision against RRD and DOES 1 through 25)**

40. Plaintiff re-alleges and incorporates by reference the forgoing allegations of this Complaint as if fully set forth herein.

41. At all times mentioned herein, defendant RRD had a duty to use reasonable care in supervising the conduct of its employees, including HANCOCK.

42. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, defendant RRD knew, or in the exercise of reasonable care should have known, that defendant HANCOCK engaged in unlawful discrimination and harassment during working hours towards Plaintiff, and that said unlawful harassment and discrimination involved the risk of harm to employees such as Plaintiff.

43. Defendant RRD breached its duty of reasonable care to Plaintiff by negligently and carelessly failing to investigate, reprimand, suspend, and/or terminate the employment of HANCOCK, and/or by failing to remedy and/or resolve the situation in any other way.

44. Plaintiff is informed and believes and thereon alleges that at all times

mentioned herein, defendant RRD had advance knowledge of defendant HANCOCK's unlawful conduct and employed HANCOCK and/or failed to supervise HANCOCK with a conscious disregard of the rights and safety of Plaintiff.

45. As a direct and proximate result of defendant RRD's negligence and carelessness, Plaintiff was subjected to a pattern of unwelcome, harmful and offensive conduct at work by defendants.

46. As a further direct and proximate result of defendant RRD's negligence and carelessness, Plaintiff suffered extreme anguish and emotional and physical injury and pain. These damages caused Plaintiff to suffer general damages in an amount to be determined by proof at trial.

## FIFTH CAUSE OF ACTION

**(Defamation against RRD, HANCOCK and DOES 1 through 25)**

47. Plaintiff re-alleges and incorporates by reference the forgoing allegations of this Complaint as if fully set forth herein.

48. HANCOCK falsely and repeatedly communicated that Plaintiff was "drunk" in the presence of Plaintiff's professional colleagues and coworkers. These false communications have and will continue impact Plaintiff's professional reputation as they tend directly to injure Plaintiff in respect to her profession. The communications were false because Plaintiff was not "drunk". Plaintiff is informed and believes, and thereupon alleges, that HANCOCK knew the statements to be false when communicated to third parties, and made the statements out of malice and vengeance because he believed Plaintiff embarrassed him earlier that day when he mishandled the speaking engagement of a major client of RRD.

49. Those false communications, directly relevant to Plaintiff's honesty and moral turpitude, were published to, and understood by, third parties, including the managerial agents of RRD, and other persons whose names are currently not

known to Plaintiff.

50. The false communications by HANCOCK were slanderous *per se* because they directly related to Plaintiff's character in her profession as competent and respected account manager within the pharmaceutical industry, and cast a negative light on Plaintiff's ability and judgment in advising physicians regarding the pharmaceuticals Plaintiff was responsible for.

51. As a result of the statements, Plaintiff has suffered general damages to her professional reputation. Additionally, as a proximate result of Defendants' conduct, Plaintiff has suffered serious harm, including lost earnings and other employment benefits, humiliation, embarrassment, emotional distress, including pain and suffering, all to his damage in an amount exceeding the jurisdictional limits of this court and which will be established according to proof at trial.

52. The conduct of Defendants as described herein was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights. Consequently, Plaintiff is entitled to punitive damages against all Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For economic and compensatory damages according to proof, but believed to be in excess of the jurisdictional minimum;

2. For physical, mental and emotional distress damages according to proof, but believed to be in excess of the jurisdiction minimum of this Court;

3. For punitive and exemplary damages according to proof;

4. For declaratory and injunctive relief to prevent such discrimination in the future;

5. For an award providing for payment of costs of suit;

6. For an award of prejudgment and post judgment interest an all amounts claimed;

7. An award of attorneys' fees under all applicable statutes, and/or other applicable law; and

8. For such other and further relief as the Court deems just and proper.

**Plaintiff further requests a trial by jury on all issues so triable.**

Dated: October 14, 2026

Respectfully submitted,

LAW OFFICES OF JERRY D. UNDERWOOD

By: */s/ Jerry D. Underwood*
Jerry D. Underwood, Esq.
Attorneys for Plaintiff
Shonda Shores

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 8141 East Kaiser Boulevard, Suite 120, Anaheim Hills, California 92808. On the date specified below, I served the within document(s):

**PLAINTIFF FIRST AMENDED COMPLAINT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Anaheim Hills, California addressed as set forth below.

☒ by causing delivery as attachments to electronic mail of the document(s) listed above to the person(s) at the email address(es) set forth below.

☐ by causing personal delivery by of the document(s) listed above to the person(s) at the address(es) and on the date set forth below.

☐ by placing the document in a sealed envelope with Express Mail postage thereon fully prepaid, and depositing the envelop with the facility regularly maintained by United States Postal Service for receipt of Express Mail in Anaheim Hills, California, addressed as set forth below.

Robin A. Wofford
Brittney S. Slack
Wilson Turner Kosmo LLP
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: 619.236.9600
*rwofford@wilsonturnerkosmo.com*
*bslack@wilsonturnerkosmo.com*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct. Executed on October 19, 2026, at Anaheim Hills, California.

*/s/ Jerry Underwood*